**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 7 |
| Polished.com Inc, *et al.*, | Case No. 24-10353 (TMH) (Jointly Administered) |
| Debtors[1]. | |
| George L. Miller, in his capacity as Chapter 7 Trustee of Polished.com, Inc., *et al.*, | |
| Plaintiff, | Adv. No. 26-50202 |
| v. | |
| Pinnacle Express, Inc., | |
| Defendant. | |

**PINNACLE EXPRESS INC.'S ANSWER TO COMPLAINT TO AVOID AND RECOVER TRANSFERS PURSUANT TO 11 U.S.C. §§ 547 AND 550**

Pinnacle Express, Inc. ("Pinnacle"), as and for its answer to the *Complaint to Avoid and Recover Transfers Pursuant to 11 U.S.C. §§ 547 and 550* (the "Complaint"), filed by George L. Miller, in his capacity as Chapter 7 Trustee of Polished.com, Inc. (the "Plaintiff"), hereby denies all allegations in the Complaint aside from those expressly admitted herein, and otherwise answers Plaintiff's Complaint as follows:

**BACKGROUND**

1.      Pinnacle admits Paragraph 1.

---

[1] The Debtors in these chapter 7 cases, along with the last four digits of each Debtor's federal tax identification number are: Polished.com Inc. (3938); 1 Stop Electronics Center, Inc. (9485); AC Gallery Inc. (3629); Appliances Connection Inc. (8366); Gold Coast Appliances, Inc. (1575); Joe's Appliances LLC (8354); Superior Deals Inc. (0096); and YF Logistics LLC (8373).

1

CORE/3536224.0002/245088408.1

**THE PARTIES**

2.      Pinnacle is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 2. Additionally, Paragraph 2 of the Complaint contains legal conclusions to which Pinnacle is not required to respond. As a result, Pinnacle denies the allegations contained in Paragraph 2 of the Complaint.

3.      Pinnacle admits Paragraph 3.

**JURISDICTION AND VENUE**

4.      The allegations contained in Paragraph 4 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Pinnacle admits Paragraph 4.

5.      The allegations in Paragraph 5 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Pinnacle admits Paragraph 5.

6.      Pinnacle admits that Plaintiff consents to final orders and judgment by this Court. Pinnacle also consents to final orders and judgments by this Court.

7.      The allegations in Paragraph 7 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Pinnacle admits Paragraph 7.

**BASIS FOR RELIEF REQUESTED**

8.      Pinnacle admits that Plaintiff seeks relief pursuant to 11. U.S.C. §§ 547 and 550, and Fed. R. Bankr. P. 7001, but Pinnacle does not admit that the Plaintiff is entitled to do so.

**FACTUAL BACKGROUND**

9.      Pinnacle is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 9, and Pinnacle therefore denies such allegations.

CORE/3536224.0002/245088408.1

10.     Pinnacle is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 10, and Pinnacle therefore denies such allegations.

11.     Pinnacle is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 11, and Pinnacle therefore denies such allegations.

12.     Pinnacle is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 12, and Pinnacle therefore denies such allegations.

13.     Pinnacle is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 13, and Pinnacle therefore denies such allegations.

14.     Pinnacle is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 14. Additionally, Paragraph 14 of the Complaint contains legal conclusions to which Pinnacle is not required to respond. As a result, Pinnacle denies the allegations contained in Paragraph 14 of the Complaint.

15.     Pinnacle is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 15. Additionally, Paragraph 15 of the Complaint contains legal conclusions to which Pinnacle is not required to respond. As a result, Pinnacle denies the allegations contained in Paragraph 15 of the Complaint.

16.     Pinnacle is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 16, and Pinnacle therefore denies such allegations.

**FIRST CLAIM FOR RELIEF:**
**Avoidance of Preference Period Transfers – 11 U.S.C. § 547**

17.     Paragraph 17 of the Complaint does not contain any factual allegations to which a response is required. To the extent Paragraph 17 of the Complaint contains factual allegations, Pinnacle denies the allegations. Pinnacle incorporates by reference its answers to each preceding and succeeding paragraph, as if fully set forth herein in response to Paragraph 17 of the Complaint.

CORE/3536224.0002/245088408.1

18.     Pinnacle is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of the Complaint or such allegations otherwise contain legal conclusions to which Pinnacle is not required to respond, of which Pinnacle demands strict proof thereof. As a result, Pinnacle denies the allegations contained in Paragraph 18 of the Complaint.

19.     Pinnacle is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of the Complaint or such allegations otherwise contain legal conclusions to which Pinnacle is not required to respond, of which Pinnacle demands strict proof thereof. As a result, Pinnacle denies the allegations contained in Paragraph 19 of the Complaint.

20.     Pinnacle is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of the Complaint or such allegations otherwise contain legal conclusions to which Pinnacle is not required to respond, of which Pinnacle demands strict proof thereof. As a result, Pinnacle denies the allegations contained in Paragraph 20 of the Complaint.

21.     Pinnacle is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of the Complaint or such allegations otherwise contain legal conclusions to which Pinnacle is not required to respond, of which Pinnacle demands strict proof thereof. As a result, Pinnacle denies the allegations contained in Paragraph 21 of the Complaint.

22.     Pinnacle is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 of the Complaint or such allegations otherwise contain legal conclusions to which Pinnacle is not required to respond, of which Pinnacle demands

CORE/3536224.0002/245088408.1

strict proof thereof. As a result, Pinnacle denies the allegations contained in Paragraph 22 of the Complaint.

23. Pinnacle is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 of the Complaint or such allegations otherwise contain legal conclusions to which Pinnacle is not required to respond, of which Pinnacle demands strict proof thereof. As a result, Pinnacle denies the allegations contained in Paragraph 23 of the Complaint.

24. Pinnacle is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 of the Complaint or such allegations otherwise contain legal conclusions to which Pinnacle is not required to respond, of which Pinnacle demands strict proof thereof. As a result, Pinnacle denies the allegations contained in Paragraph 24 of the Complaint.

25. Pinnacle admits that it has not returned any amount to the Plaintiff.

26. Paragraph 26 of the Complaint contains legal conclusions to which Pinnacle is not required to respond. As a result, Pinnacle denies the allegations contained in Paragraph 26 of the Complaint.

**SECOND CLAIM FOR RELIEF:**
**For Recovery of Property – 11 U.S.C. § 550**

27. Paragraph 27 of the Complaint does not contain any factual allegations to which a response is required. To the extent Paragraph 27 of the Complaint contains factual allegations, Pinnacle denies the allegations. Pinnacle incorporates by reference its answers to each preceding and succeeding paragraph, as if fully set forth herein in response to Paragraph 27 of the Complaint.

5

28.    Paragraph 28 of the Complaint contains legal conclusions to which Pinnacle is not required to respond. As a result, Pinnacle denies the allegations contained in Paragraph 28 of the Complaint.

29.    Pinnacle is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 29 of the Complaint or such allegations otherwise contain legal conclusions to which Pinnacle is not required to respond, of which Pinnacle demands strict proof thereof. As a result, Pinnacle denies the allegations contained in Paragraph 29 of the Complaint.

<u>**AFFIRMATIVE DEFENSES**</u>

Pinnacle asserts the following affirmative defenses:

<u>First Affirmative Defense:</u>

The Plaintiff's claims to avoid and recover transfers under 11 U.S.C. § 547 are barred in whole or in part by 11 U.S.C. § 547(c)(2). All allegedly preferential transfers received by Pinnacle were in payment of a debt incurred by the Debtors in the ordinary course of business or financial affairs of the Debtors and Pinnacle, or made according to ordinary business terms.

<u>Second Affirmative Defense:</u>

The Plaintiff's claims to avoid and recover transfers from Pinnacle under 11 U.S.C. § 547 are barred in whole or in part by 11 U.S.C. § 547(c)(4). Pinnacle gave new value to or for the benefit of the Debtors in exchange for all allegedly preferential transfers received by Pinnacle, and such value was not secured by an otherwise unavoidable security interest and because of which new value the Debtors did not make an otherwise unavoidable transfer to or for the benefit of Pinnacle.

Third Affirmative Defense:

To the extent that any transfer received by Pinnacle constituted a pre-payment on an account, such transfer was not preferential, because it did not pay antecedent debt.

Fourth Affirmative Defense:

Pinnacle provided reasonably equivalent value for any payments received from the Debtor, and accordingly no transfer can be avoided under 11 U.S.C. § 548(a)(1)(B)(i).

## PINNACLE'S RESERVATION OF RIGHTS AND ADDITIONAL DEFENSES

Pinnacle reserves the right to raise additional defenses and/or otherwise supplement the defenses asserted in this Answer, whether such additional defenses arise under federal law, state law, by statute, in equity, or at common law.

**WHEREFORE**, Pinnacle prays that judgment be entered in its favor and against Plaintiff:

1. Dismissing all counts in the Complaint with prejudice and on the merits and ordering that Plaintiff take nothing by this action;

2. Denying Plaintiff's request for pre-judgment interest and costs;

3. Awarding Pinnacle such other relief as the Court deems just and proper, including its costs and disbursements incurred in this proceeding.

Dated: June 22, 2026
Wilmington, Delaware

*/s/ Jeffrey M. Schlerf*
Jeffrey M. Schlerf (DE No. 3047)
Stinson LLP
1007 N. Orange Street
3rd Floor #127
Wilmington, DE 19801
302 509 4634
jeffrey.schlerf@stinson.com

**ATTORNEY FOR PINNACLE EXPRESS, INC.**

7

## CERTIFICATE OF SERVICE

I hereby certify that on the 22nd day of June 2026, the foregoing document was filed with the Court and served electronically upon those parties registered to receive electronic notice via the Court's CM/ECF system.

*/s/ Jeffrey M. Schlerf*
Jeffrey M. Schlerf (No. 3047)

8